| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: WESTERN DISTRICT OF WASHINGTON | |
| Case number *(if known)* _____ Chapter __11__ | ☐ Check if this is an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name** — U.S. Development Co., Inc.

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)** — 91-0895556

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 3702 Schmitz Avenue SW<br>Seattle, WA 98116<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| King<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

**5. Debtor's website (URL)** _____

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

| Debtor | U.S. Development Co., Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

7211

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☒ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ☒ No.
- ☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ☒ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | Riverfront Associates Limited Partnership | Relationship | Affiliate |
|---|---|---|---|
| District | Western District of Washington | When | 9/5/25 | Case number, if known | |

| Debtor | U.S. Development Co., Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this district*?**  *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____
☐ It needs to be physically secured or protected from the weather.
☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
         Contact name _____
         Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**  *Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☒ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☒ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | U.S. Development Co., Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/05/2025
MM / DD / YYYY

X _____  Rodney B Ash
Signature of authorized representative of debtor   Printed name

Title  President, U.S. Development Co., Inc., General Partner

**18. Signature of attorney**

X /s/ Alan D. Smith   Date 09/05/2025
Signature of attorney for debtor   MM / DD / YYYY

Alan D. Smith
Printed name

Perkins Coie LLP
Firm name

1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
Number, Street, City, State & ZIP Code

Contact phone  206.359.8410   Email address  ADSmith@perkinscoie.com

WSBA No. 24964
Bar number and State

---

Official Form 201   **Voluntary Petition for Non-Individuals Filing for Bankruptcy**   page 4

# CERTIFICATE OF BOARD RESOLUTIONS

The undersigned Rodney B Ash, being the President of U.S. Development Co., Inc., a Washington corporation ("***USDC***"), hereby certifies that the following resolutions were unanimously passed at a duly organized meeting of the board of directors of USDC, held on August 19, 2025. All of the directors of USDC were present at such meeting and all voted in favor of the following resolutions.

## AUTHORIZATION OF BANKRUPTCY FILING FOR USDC AND RIVERFRONT

**WHEREAS**, U.S. Development Co., Inc., a Washington corporation ("***USDC***") is the general partner of Riverfront Associates Limited Partnership, a Washington limited partnership ("***Riverfront***"), and the holder of limited partnership interests and economic interests comprising approximately half of the economic equity interests in Riverfront;

**WHEREAS**, as the general partner of Riverfront USDC has all authority, rights, and powers in the management of Riverfront and the authority to do any and all acts on behalf of Riverfront, including acting through the Manager of Riverfront, who is currently Rodney B Ash;

**WHEREAS**, prior to December 4, 2024, Riverfront owned, indirectly through subsidiaries and a joint venture entity with an affiliate of Park Hotels, an interest in the hotel located in Spokane, Washington commonly known as the Spokane City Center DoubleTree (the "***Hotel***");

**WHEREAS**, on that date the Hotel was sold to an affiliate of JMA Asset Acquisition Co. ("***JMA***");

**WHEREAS**, since that date neither USDC nor Riverfront has had significant assets other than cash on hand and receivables resulting from Hotel operations and the sale of the Hotel;

**WHEREAS**, both USDC and Riverfront have ceased operations as going concerns;

**WHEREAS**, the assets available and expected to be available to Riverfront, through cash on hand and receivables, including amounts held in escrow from the JMA transaction and reserves held through the joint venture entity with an affiliate of Park Hotels as the manager, is insufficient to pay all Riverfront creditors in full; and

**WHEREAS**, the Board, in consultation with its counsel and advisors, has evaluated and considered alternatives for going forward both for USDC and for Riverfront, and has concluded that it is in the best interests of both USDC and Riverfront, and their respective stakeholders, to file petitions seeking relief under the provisions of chapter 11 of title 11 of the United States Code ("***Bankruptcy Code***") in the United States Bankruptcy Court for the Western District of Washington ("***Bankruptcy Court***");

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of both USDC and Riverfront, and their respective creditors, employees, stakeholders, and other interested parties that each of USDC and Riverfront file a petition seeking relief under chapter 11 of the Bankruptcy Code.

**FURTHER RESOLVED**, that each of USDC and Riverfront is authorized to file such a chapter 11 petition in the Bankruptcy Court.

**FURTHER RESOLVED**, that the Board or any person duly authorized by the Board (the "*Authorized Officer*") is authorized to execute, verify, and file any petitions, schedules, lists, and other papers or documents, and take and perform any and all further actions and steps the Board or the Authorized Officer deems necessary, desirable and proper in connection with the bankruptcy cases of either or both of USDC and Riverfront.

**FURTHER RESOLVED**, that Rodney B Ash is hereby designated as an Authorized Officer.

**FURTHER RESOLVED**, that the Board or the Authorized Officer may execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of the Bankruptcy Court or any other governmental or regulatory authorities or certificates, and may take any and all actions and steps deemed to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful bankruptcy.

**FURTHER RESOLVED**, that affixing of the individual signature of any of the members of the Board or the Authorized Officer is necessary and sufficient to bind USDC and Riverfront, as applicable, with respect to any document necessary or appropriate to effectuate any of the foregoing resolutions.

## RETENTION OF COUNSEL

**WHEREAS,** the Board determines that it is in the best interests of USDC and Riverfront to have qualified counsel available for purposes of the anticipated chapter 11 proceedings, and all other related purposes; and

**WHEREAS**, USDC and Riverfront having prior to the date hereof retained Perkins Coie LLP ("*Perkins Coie*") in connection with, among other things, preparation for the anticipated chapter 11 proceedings;

**NOW, THEREFORE, BE IT RESOLVED** that USDC and Riverfront may and hereby does retain Perkins Coie, through Alan D. Smith, Allison C. Handy, and others, to represent them as general counsel in connection with the anticipated chapter 11 proceedings, on terms and conditions to be negotiated with the Authorized Officer.

183071687.2

## APPROVAL OF PLAN OF REORGANIZATION

**WHEREAS**, after having considered alternatives respecting potential means of distribution of USDC's and Riverfront's remaining assets, the Board has determined that it is in the best interests of USDC and Riverfront, and their stakeholders, to propose a plan of reorganization that, among other things (i) distributes the remaining assets of USDC generally in accordance with applicable priorities, specifically to priority creditors including the Internal Revenue Service, and (ii) distributes the remaining assets of Riverfront generally in accordance with applicable priorities, specifically to priority creditors and then to noteholders and other creditors of Riverfront as set forth in Riverfront's books and records, so long as such noteholders and other creditors file proofs of claim or otherwise appropriately demonstrate their entitlement to such distributions; and

**WHEREAS**, counsel for USDC and Riverfront, in consultation with a subcommittee of the Board, having prepared a draft liquidating plan of reorganization as set forth in the previous clause (the "***Proposed Plan***"), and having presented such Proposed Plan to the Board for consideration;

**NOW, THEREFORE, BE IT RESOLVED** that the Authorized Officer shall continue to consult with counsel and others to finalize and file such Proposed Plan with the Bankruptcy Court, along with such modifications, amendments, supplements, and corrections as the Authorized Officer may determine are necessary, desirable and/or appropriate, and to take such other and further actions as may be required to obtain confirmation of such Proposed Plan (as so modified, amended, supplemented, or corrected) in accordance with the Bankruptcy Code.

## OMNIBUS RESOLUTIONS

**FURTHER RESOLVED**, that the omission from these resolutions of any agreement or other arrangement contemplated by any of the matters described in the foregoing resolutions or any action to be taken in accordance with any requirements of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Board or an Authorized Officer to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intent and purposes of the foregoing resolutions.

**FURTHER RESOLVED**, that any and all lawful actions taken by the Board or an Authorized Officer, in the name and on behalf of USDC or Riverfront, whether or not such actions were previously authorized or subsequently ratified by the Board, be, and they hereby are, ratified, adopted and approved in all respects.

**CERTIFIED AND EXECUTED** as of September 5, 2025.

*/s/ Rodney B Ash*
Rodney B Ash

Fill in this information to identify the case:

Debtor name: U.S. Development Co., Inc.
United States Bankruptcy Court for the: WESTERN DISTRICT OF WASHINGTON
Case number (if known): _____

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Anne Mara Berge McIntosh<br>24603 SE 44th Court<br>Prosper, TX 75078 | | Noteholder | Disputed | | | $26,721.00 |
| Betty A. Lair<br>c/o Molly McCullough<br>609-11th Ave<br>Milton, WA 98354 | | Noteholder | Disputed | | | $196,936.00 |
| Bob Sparling<br>6413 Baywood Road<br>Langley, WA 98260 | | Noteholder | Disputed | | | $82,756.00 |
| Christine Diepenbrock<br>3735 SW 108th St<br>Seattle, WA 98146 | | Noteholder | Disputed | | | $196,978.00 |
| Don Sparling<br>19203 100th Ave NE<br>Bothell, WA 98011 | | Noteholder | Disputed | | | $82,756.00 |
| Duane H Box<br>c/o Stacey Box Palmer<br>7700 Timber Creek Dr.<br>Choctaw, OK 73020 | | Noteholder | Disputed | | | $106,886.00 |
| Eric Sparling<br>602 F Street<br>Centralia, WA 98351 | | Noteholder | Disputed | | | $41,378.00 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101 | | Tax Liability | Contingent<br>Unliquidated<br>Disputed | | | Unknown |
| Jennifer Craig<br>3005 S 47th #47<br>Tacoma, WA 98409 | | Noteholder | Disputed | | | $41,378.00 |

Official form 204     Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims     page 1

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

| Debtor | U.S. Development Co., Inc. | | Case number *(if known)* | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Mark Gudmund Berge<br>322 Durban Ave<br>Hopatcong, NJ 07843 | | Noteholder | Disputed | | | $26,721.00 |
| Matthew Brynjulv Berge<br>3501 Amberwood Lane<br>Prosper, TX 75078 | | Noteholder | Disputed | | | $26,721.00 |
| McKinstry Company<br>5005 3rd Ave S<br>Seattle, WA 98134 | | Noteholder | Disputed | | | $266,784.00 |
| Pride Living Trust<br>6319 168th St SW<br>Lynnwood, WA 98037 | | Noteholder | Disputed | | | $101,929.00 |
| Rolfe Andrew Berge<br>1288 McAllister St. #301<br>San Francisco, CA 94115 | | Noteholder | Disputed | | | $26,721.00 |
| Sandra L Suther<br>110213 E Twilight Court<br>Sun Lakes, AZ 85218 | | Noteholder | Disputed | | | $101,912.00 |
| Susan Riggs<br>5339 April Drive<br>Langley, WA 98260 | | Noteholder | Disputed | | | $82,756.00 |
| Terry Mandeville<br>19921 330th Ave NE<br>Seattle, WA 98109 | | Noteholder | Disputed | | | $217,366.00 |
| University of Washington<br>Box 359505<br>Seattle, WA 98195 | | Noteholder | Disputed | | | $389,641.00 |

# United States Bankruptcy Court
## Western District of Washington

In re: U.S. Development Co., Inc.
Debtor(s)

Case No.
Chapter 11

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for U.S. Development Co., Inc. in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

☒ None [*Check if applicable*] [1]

[1] As a result of a complex transaction in the 1990's, involving a buyout of a former manager and insider, Riverfront Associates Limited Partnership appears as the holder of 33% of USDC's stock.

09/05/2025
Date

/s/ Alan D. Smith
Alan D. Smith WSBA No. 24964
Signature of Attorney or Litigant
Counsel for U.S. Development Co., Inc.
Perkins Coie LLP
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
206.359.8410
ADSmith@perkinscoie.com